UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 18-31 (DSD)(1)

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      **ORDER**

JONATHAN GADEA GONZALEZ,

        Defendant.

This matter is before the court upon defendant Jonathan Gadea Gonzalez's pro se motion for compassionate release under 18 U.S.C. § 3582.[1] Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

On April 24, 2018, Gonzalez pleaded guilty to one count of Attempted Possession With the Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On December 4, 2013, the court sentenced Gonzalez to 180 months' imprisonment, and he did not appeal or collaterally attack his sentence.

---

[1] Gonzalez also moved for relief under United States Sentencing Commission Amendment 821. ECF No. 262. The court will handle that matter in a separate order after the process for assessing whether Gonzalez is eligible for relief is completed.

Gonzalez is currently housed at FCI-Gilmer and has a projected release date of February 23, 2032. He now moves for compassionate release based on his family circumstances.

Gonzalez requested early release from the warden of FCI-Gilmer, which was denied. ECF No. 259-1, at 1.

## DISCUSSION

The First Step Acts allows for a reduction in sentence or compassionate release where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant may seek such relief from a district court, however, he must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [30 days must have elapsed] from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A). Gonzalez has exhausted his administrative remedies, and the court may rule on his motion at this time.

The Sentencing Commission has issued policy statements setting forth the circumstances under which relief may be warranted under § 3582. Relevant here, they include when defendant is "the only available caregiver" for an immediate family member who is incapacitated, U.S.S.G. § 1B1.13(b)(3)(C)-(D).

Gonzalez claims that he is eligible for release under this standard because his mother is ageing and he would like to be home

to help his brother care for her. ECF No. 261. He does not claim that his mother is incapacitated or that his brother is unable to provide care for her. Given these facts, the court cannot grant the relief requested.

The court also finds that § 3553(a) factors weigh against release. Under the circumstances presented, a substantial reduction in sentence would not reflect the seriousness of the crime, provide just punishment, or take into account Pruitt's history and characteristics. See 18 U.S.C. § 3553(a)(1), (a)(2)(A). The court continues to believe that the sentence originally imposed best meets the § 3553(a) factors.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that** the motion under the First Step Act [ECF No. 259] is denied.

Dated: February 4, 2025

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court